**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
_____

**DANIEL L. HANSON,**
            **Petitioner,**

**v.**                                                                              **Case No. 13-CV-01145**

**TIM HAINES, Warden,**
**Prairie du Chien Correctional Institution,**
            **Respondent.**
_____

## **DECISION AND ORDER**

Daniel Hanson, proceeding pro se, filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. On January 25, 2006, petitioner pled no contest and was convicted in Marinette County Circuit Court of operating while under the influence under Wis. Stat. § 346.63(1)(a).[1] It is this conviction petitioner challenges. He was sentenced to two years of initial confinement followed by two years supervised release. During his extended supervision, he committed another law violation. His extended supervision was revoked and he was incarcerated for two more years. He also received additional incarceration time related to the new law violation which was to be served consecutively to his initial sentence. He completed serving his initial sentence in November 2010 but remains incarcerated at Prairie du Chien Correctional Institution pursuant to his subsequent conviction.[2] Before me is a motion to dismiss from respondent as well as several motions

---

[1] As part of the plea agreement, the court dismissed and read in related charges, including fleeing an officer, obstructing an officer, and disorderly conduct.

[2] I have jurisdiction to decide this case despite the fact that petitioner has completed the sentence under the conviction he is challenging. *See Garlotte v. Fordice*, 515 U.S. 39, 41 (1995) ("We therefore hold that [petitioner] remains 'in custody' under

from petitioner.

Respondent asks me to dismiss this § 2254 petition as untimely. Section 2244(d)(1) imposes a one-year limitation on filing a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. This one-year limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). Petitioner directly appealed his conviction to the Wisconsin Court of Appeals through the no-merit process, and it affirmed on March 6, 2007. Petitioner then had 30 days to petition the Wisconsin Supreme Court for review, see Wis. Stat. § 808.10(1), which he failed to do. Thus, petitioner's deadline for filing a §2254 petition was April 5, 2008 (30 days plus one year from March 6, 2007).

Petitioner also filed a post-conviction relief motion on May 25, 2011, which was denied by the circuit court on January 25, 2012, and by the court of appeals on August 7, 2012. Normally under § 2244(d)(2), "a properly filed application for State post-conviction or other collateral review" tolls the one-year limitation period for filing a § 2254 petition while the matter is pending. *See also Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005)*; Simms v. Acevedo*, 595 F.3d 774, 777 (7th Cir. 2010). However, a state post-conviction motion filed after the time to file for federal habeas relief has expired "does not open a window for federal collateral review." *De Jesus v. Acevedo*, 567 F.3d 941, 942 (7th Cir. 2009). Because petitioner's one-year period for filing his § 2254 petition expired in 2008, and he did not file his post-conviction motion until 2011, the post-conviction motion does

---

all of his sentences until all are served, and now may . . . attack a conviction underlying the sentence that ran first in a consecutive series, a sentence already served.").

not toll his one-year period. Thus, I conclude that petitioner's § 2254 petition, filed October 6, 2013, is time-barred.

Petitioner does not make an argument for equitable tolling. Rather, he argues that I should not dismiss his petition as time-barred because he is "actually innocent," citing *Murphy v. Carrier*, 477 U.S. 478, 496 (1986) ("[W]here a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default."). The "actual innocence" rule of *Carrier* can be used to overcome the expiration of the one-year limitation for filing for habeas relief. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) ("[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations."). To show actual innocence, a petitioner must persuade the district court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995); *see also Perkins*, 133 S. Ct. at 1928 (applying the *Schlup* standard). This standard is demanding and only permits review in extraordinary cases. *Coleman v. Lemke*, 739 F.3d 342, 349 (7th Cir. 2014). In determining whether petitioner's innocence claim meets this standard, I may consider a wide array of evidence, old and new. *Id.* I may also consider "unjustifiable delay on . . . petitioner's part . . . as a factor in determining whether actual innocence has been reliably shown." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). Although a petitioner may assert an "actual innocence" claim to bypass a procedural bar or statute of limitations even when he pled guilty or no contest, *see Bousley v. United States*, 523 U.S. 614, 623

(1998), the application of the *Schlup* standard can be difficult in the plea context. *Id.* at 631 (Scalia, J. dissenting) ("But how is the court to determine 'actual innocence' . . . where conviction was based upon an admission?"); *Smith v. Baldwin*, 510 F.3d 1127, 1140 n.9 (9th Cir. 2007) ("We are aware of a potential incongruity between the purpose of the actual innocence gateway announced in *Schlup* and its application to cases involving guilty (or no contest) pleas.").

As evidence of his innocence, petitioner asserts that on the evening he was stopped, the officers provided him with two portable breath tests ("PBT") and that he tested negative for alcohol on both these tests, and that this evidence was withheld from his attorney. He states that he has a witness who can corroborate the negative PBT results, but he does not provide any other evidence of the results. Additionally, petitioner asserts that the state failed to show any evidence that he was intoxicated at the time he was pulled over during his preliminary hearing.

I conclude that this is not enough to meet the *Schlup* standard. First, this evidence is not new. Both *Schlup* and *Perkins*' specifically state that claims of actual innocence should be examined in light of *new* evidence. *Perkins*, 133 S. Ct. at 1928; *Schlup*, 513 U.S. at 329. At the time petitioner decided to plead no contest, he knew police had administered two PBTs and that the state put forward no evidence of intoxication during the preliminary hearing. Second, petitioner waited more than five years past his deadline for seeking federal habeas relief to file his § 2254 petition, a significant unjustifiable delay that weighs against the reliability of his innocence claim. Third, there is sufficient circumstantial evidence against petitioner that I cannot conclude that no reasonable juror would have

4

found petitioner guilty. Specifically, negative police testimony about his behavior at the time, evidence that petitioner refused a blood alcohol test when he was pulled over, and evidence that petitioner had seven prior OWI convictions could outweigh petitioner's testimony about passing two PBT tests. Thus, petitioner does not present the type of extraordinary circumstance contemplated in *Carrier*, *Schlup*, and *Perkins*.

Respondent has also asked me to dismiss this petition because petitioner has failed to exhaust his state court remedies. Because I am dismissing the petition based on timeliness, I refrain from considering this issue. Petitioner has filed numerous motions in this case. Because I am dismissing the petition as time-barred, these motions are now inconsequential, and I will deny them as moot.

**THEREFORE, IT IS ORDERED** that Respondent's Motion to Dismiss (ECF No. 21) is **GRANTED**. The Clerk of Court shall enter final judgment. Pursuant to Rule 11 of the Rules Governing § 2254 Cases, I find that the petitioner has not made the showing required by 28 U.S.C. § 2253(c)(2), and therefore I will not issue a certificate of appealability.

**IT IS FURTHER ORDERED** that Petitioner's motions at ECF Nos. 13, 14, 24, 30, 33, 36, 38, 40, 41, 42, 48, 50, 55, 56, and 57 are **DENIED**.

Dated at Milwaukee, Wisconsin, this 26th day of September, 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge

5